GROW & CUTTLE, INC. *v.* UNITED STATES

No. 6642.—Invoices dated London, England, July 10, 1944, etc.
Entered at Chicago, Ill., November 21, 1944, etc.
Entry No. 1673, etc.

(Decided December 18, 1946)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

MILLER BROTHERS ET AL. *v.* UNITED STATES

No. 6643.—Invoices dated London, England, August 1942, etc.
Certified August 1942, etc.
Entered at New York, N. Y., September 30, 1942, etc.
Entry Nos. 707789; 706518.

(Decided December 18, 1946)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: The two appeals listed in schedule A, hereto attached and made a part hereof, present for determination the question of whether or not a so-called British purchase tax should be included as a part of the dutiable values of the merchandise. The appeals have been submitted upon a stipulation to the effect that the issues herein are similar in all material respects to the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, and the record therein has been admitted in evidence in this case.

Accepting this stipulation as a statement of fact, and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by these appeals to be the values found by the appraiser, less any amounts added by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal. Judgment will be rendered accordingly.